UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE JOHNSON,<br><br>            Plaintiff,<br><br>     v.<br><br>ALVIN PHONG,<br><br>            Defendant. | No.  2:24-cv-2377 SCR P<br><br><br>ORDER |

　　　　Plaintiff, a county jail inmate proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. §1983 together with an application for leave to proceed in forma pauperis pursuant to 28 U.S.C. §1915.  Plaintiff also seeks appointment of counsel.

　　　　There are two problems with plaintiff's application to proceed in forma pauperis.  First, plaintiff signed the Certificate on the second page.  As stated in the instructions, the Certificate must be signed by an official at the Rio Consumnes Correctional Center.  Second, plaintiff failed to provide a copy of his inmate trust account statement for the six month period immediately preceding the filing of the complaint.  See 28 U.S.C. §1915(a)(2).  Plaintiff will be provided the opportunity to submit a new application along with a copy of his inmate trust account statement.

　　　　However, the court notes that plaintiff is suing a grocery store employee under Section 1983.  A Section 1983 action can only be brought against a defendant acting under color of state law.  Plaintiff may accordingly wish to consider whether this defendant can be sued under Section 1983 at all before proceeding.

With respect to plaintiff's motion for the appointment of counsel, plaintiff states that he does not have the funds to hire a lawyer. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

In accordance with the above, IT IS HEREBY ORDERED that

1. Plaintiff's application to proceed in forma pauperis (ECF No. 8) is denied.
2. Within thirty days of the date of this order, plaintiff shall file a new application to proceed in forma pauperis and a copy of his inmate trust account statement for the six month period immediately preceding the filing of the complaint.
3. The Clerk of the Court shall provide plaintiff with a copy of the form for an application to proceed in forma pauperis by a prisoner.
4. Plaintiff's motion for the appointment of counsel (ECF No. 2) is denied.
5. Plaintiff's failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: October 25, 2024

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE