---
Case 2:24-cv-02377-SCR   Document 12   Filed 03/11/25   Page 1 of 7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURICE JOHNSON,

    Plaintiff,

v.

ALVIN PHONG,

    Defendant.

No. 2:24-cv-2377-SCR-P

ORDER

Plaintiff is a county inmate who filed this civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer. He has requested leave to proceed without paying the full filing fee for this action, under 28 U.S.C. § 1915. Plaintiff has submitted a declaration showing that he cannot afford to pay the entire filing fee. See 28 U.S.C. § 1915(a)(2). Accordingly, plaintiff's motion to proceed in forma pauperis is granted.[1]

    I.    Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). A

---

[1] This means that plaintiff is allowed to pay the $350.00 filing fee in monthly installments that are taken from the inmate's trust account rather than in one lump sum. 28 U.S.C. §§ 1914(a). As part of this order, the prison is required to remove an initial partial filing fee from plaintiff's trust account. See 28 U.S.C. § 1915(b)(1). A separate order directed to CDCR requires monthly payments of twenty percent of the prior month's income to be taken from plaintiff's trust account. These payments will be taken until the $350 filing fee is paid in full. See 28 U.S.C. § 1915(b)(2).

1

1  claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v.
2  Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on
3  an indisputably meritless legal theory or factual contentions that are baseless.  Neitzke, 490 U.S.
4  at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an
5  arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

6  In order to avoid dismissal for failure to state a claim a complaint must contain more than
7  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
8  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
9  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
10 statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the
11 court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial
12 plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable
13 inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When
14 considering whether a complaint states a claim, the court must accept the allegations as true,
15 Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most
16 favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

17   II.   Factual Allegations of the Complaint

18 In his three page complaint, plaintiff alleges that defendant Alvin Phong, an employee of
19 Welco's Supermarket, pushed and grabbed him and broke a stitch open on plaintiff's right hand.
20 Plaintiff also alleges that defendant used a taser on him.  Based on these factual allegations,
21 plaintiff raises state law claims based on negligence, intentional tort, false arrest, common law
22 battery, a Bane Act violation, a violation of the Racial Justice Act, and an excessive force claim
23 in violation of the Fourth Amendment.

24   III.   Failure to State a Claim

25 Having conducted the screening required by 28 U.S.C. § 1915A, the court finds that the
26 complaint does not state a valid claim for relief pursuant to the Fourth Amendment against
27 defendant Phong because he does not allege that defendant is a state actor subject to liability
28 under 42 U.S.C. § 1983.  Plaintiff must show (1) the defendant committed the alleged conduct

1  while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right as
2  a result of the defendant's conduct. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th
3  Cir. 1988). Thus, by definition, claims under section 1983 must involve a state actor acting under
4  color of state law.  Plaintiff does not demonstrate any nexus between defendant's conduct as a
5  grocery store employee and any state action. Because of this defect, the court will not order the
6  complaint to be served on defendant. Absent any cognizable federal claim, this court does not
7  have supplemental jurisdiction over any state law claims alleged in the complaint.[2] Plaintiff has
8  the option of filing an amended complaint to try to fix this problem. In deciding whether to file
9  an amended complaint, plaintiff is provided with the relevant legal standards governing his
10 potential claims for relief which are attached to this order. See Attachment A.

   IV.    Legal Standards Governing Amended Complaints

12     If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions
13 about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode,
14 423 U.S. 362, 370-71 (1976). The complaint must also allege in specific terms how each named
15 defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981).
16 There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
17 connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy,
18 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official
19 participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266,
20 268 (9th Cir. 1982) (citations omitted).

21     Plaintiff is also informed that the court cannot refer to a prior pleading in order to make
22 his amended complaint complete. Local Rule 220 requires that an amended complaint be
23 complete in itself without reference to any prior pleading. This is because, as a general rule, an
24 amended complaint supersedes any prior complaints. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.
25 1967) (citations omitted). Once plaintiff files an amended complaint, any previous complaint no

---

[2] Since plaintiff used the complaint form from the Judicial Council of California and indicated that he was seeking relief from the Sacramento County Superior Court, he may have just filed the complaint in the wrong court. Nothing in this order prevents plaintiff from refiling the complaint in state court if that was his chosen venue.

longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V.     Plain Language Summary of this Order for Party Proceeding Without a Lawyer

Your complaint will not be served because the facts alleged are not enough to state a federal claim. You are being given a chance to fix these problems by filing an amended complaint if you choose to proceed in federal court. If you file an amended complaint, pay particular attention to the legal standards attached to this order. Be sure to provide facts that show exactly what each defendant did to violate your constitutional rights. This court only has supplemental jurisdiction over state law claims if you properly plead a federal claim. **Any claims and information not in the amended complaint will not be considered.**

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 10) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's complaint fails to state a claim upon which relief may be granted, see 28 U.S.C. § 1915A, and will not be served.

4. Within thirty days from the date of service of this order, plaintiff may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."

5. Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

////

////

6. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

DATED: March 10, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

Attachment A

This Attachment provides, for informational purposes only, the legal standards that may apply to your claims for relief. Pay particular attention to these standards if you choose to file an amended complaint.

I.   42 U.S.C. § 1983 Liability

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show that (1) a defendant acting under color of state law (2) deprived plaintiff of rights secured by the Constitution or federal statutes. Benavidez v. County of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021).

II.   Linkage Requirement

Section 1983 requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation marks and citation omitted). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). To state a claim for relief under § 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

/////

### III. Fourth Amendment Excessive Force

An excessive force claim in the course of an arrest is analyzed under the Fourth Amendment's "objective reasonableness" standard. Graham v. Connor, 490 U.S. 386, 388 (1989). Objective reasonableness is determined based on the facts and circumstances at the moment of arrest without reference to the underlying intent or motivation of the officer. Id. at 397. Most importantly, the reasonableness of any particular use of force "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. at 396.

In determining whether the force utilized is objectively reasonable, courts consider: "(1) 'the severity of the intrusion on the individual's Fourth Amendment rights by evaluating the type and amount of force inflicted,' (2) 'the government's interest in the use of force,' and (3) the balance between 'the gravity of the intrusion on the individual' and 'the government's need for that intrusion.'" Lowry v. City of San Diego, 858 F.3d 1248, 1256 (9th Cir. 2017) (en banc) (quoting Glenn v. Washington Cnty., 673 F.3d 864, 871 (9th Cir. 2011)). The government's interest in the force used is determined by assessing (1) the severity of the crime at issue, (2) whether the suspect posed an immediate threat to the safety of the officers or others, and (3) whether the suspect actively resisted arrest or attempted to escape. Glenn, 673 F.3d at 871 (citing Graham, 490 U.S. at 396).