UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURICE JOHNSON,

        Plaintiff,

    v.

ALVIN PHONG,

        Defendant.

No.  2:24-cv-2377-SCR P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff is incarcerated in county jail and proceeding with a civil rights action pursuant to 42 U.S.C. § 1983 without a lawyer.  Plaintiff's first amended complaint ("FAC") is before the undersigned screening under 28 U.S.C. § 1915(A).  ECF No. 14.  For the reasons set forth below, the undersigned finds that the FAC fails to state any claims for relief.  Because further amendment would be futile, the undersigned recommends that the FAC be dismissed with prejudice.

**STATUTORY SCREENING OF PRISONER COMPLAINTS**

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or factual contentions that are baseless.  Neitzke, 490 U.S.

1

at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim, the court must accept the allegations as true, Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**PLAINTIFF'S FAC**

Plaintiff alleges that on October 18, 2023, he was racially profiled by defendant Phong, a Welco Supermarket employee.  ECF No. 14 at 3, 14.  While at Welco Supermarket, plaintiff was placing items in his grocery bag when defendant Phong approached him under the assumption that plaintiff was stealing.  Id. at 3.  Defendant Phong rushed up to plaintiff and shoved him in the chest and tried to take plaintiff's grocery bag.  Id. at 4.  During the struggle, plaintiff's existing stitches ruptured.  Id.  As plaintiff attempted to leave the store, defendant Phong discharged a taser at his neck and face area, but did not cause any injury.  Id.  Plaintiff alleges that defendant Phong saw him count his money, so defendant Phong had no reason to believe that plaintiff was attempting to steal.  Id. at 3.  Plaintiff further alleges that there were many other shoppers placing items in their grocery bags in the same manner as plaintiff was; therefore, defendant Phong chose to engage and attack plaintiff because he was Black.  Id.  Plaintiff alleges that he suffers from chest pain, ruptured stitches, and fear of being racially profiled in grocery stores in the future.  Id.

Based on these factual allegations, plaintiff raises state law claims based on negligence, intentional tort, false arrest, common law battery, a Bane Act violation, a violation of the Racial

2

Justice Act, and an excessive force claim in violation of the Fourth Amendment.  Plaintiff seeks $50,000,000 and the cost of attorneys' fees.  Id.

**DISCUSSION**

### I.      Failure to State a Claim

Plaintiff has not alleged facts sufficient to show that the named defendant—Alvin Phong—was acting under color of state law.  Because there is no evident state participation in the alleged violation, the undersigned finds plaintiff's FAC fails to state a cognizable § 1983 claim against defendant Phong and will recommend the action be dismissed.

A § 1983 claim requires a plaintiff to show that the defendant was acting under color of state law.  Benavidez v. County of San Diego, F.3d 1134, 1144 (9th Cir. 2021).  Private actors enjoy the presumption that their conduct is not state action.  Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011).  A private actor is subject to § 1983 only where the alleged infringement of a plaintiff's federal rights is "fairly attributable to the State." West v. Adkins, 487 U.S. 42, 49 (1988) (citations omitted).  The actions of a private individual or entity may properly be attributed to the government for purposes of Section 1983 if at the time of an alleged constitutional violation (1) the private actor was performing a public function; (2) the private actor was engaged in joint activity with the government; (3) the private party acted under governmental compulsion or coercion; or (4) there was a sufficient nexus between the government and the private actor." Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003). "[P]laintiff has the burden to establish state action under one of the foregoing tests." Florer, 639 F.3d at 922.

Under the public function test, private individuals or entities are deemed to be state actors for purposes of Section 1983 when they perform a public function that is both "traditionally and exclusively governmental." Kirtley, 326 F.3d at 1093 (citations and internal quotation marks omitted).  Seizing and detaining shoplifters is not a traditional government function under California law.  See Kidd v. Marshalls of California, LLC, No. SA CV 11-1536 PSG (PJW), 2012 WL 833027, *2 (C.D. Cal. Jan.17, 2012) (screening out § 1983 claim against department store employee who detained plaintiff on suspicion of shoplifting and citing Cal. Penal Code § 837,

3

which permits a "private person" to arrest others for offenses "committed or attempted in his presence"); Lawson v. Rite Aid of Pennsylvania, Inc., 2006 WL 2136098, *3 (E.D. Pa. July 26, 2006) (allegation that "plaintiff was wrestled down to the floor while [private store employee] subdued his person until police arrived was insufficient to "transform [private store] into a state actor" for purposes of § 1983). The undersigned construes the allegations that defendant Phong physically attacked plaintiff on belief plaintiff was stealing and discharged a taser as plaintiff attempted to exist the store to constitute conduct within the bounds of private-actor conduct permitted by California law. Therefore, plaintiff has not shown that defendant Phong is a state actor under the public function test.

Under the conspiracy or joint action test, a private person acts under color of law for purposes of § 1983 when he or she is a "willful participant in joint activity" with the government. Children's Health Def. v. Meta Platforms, Inc., 112 F.4th 742, 754 (9th Cir. 2024) (citing Lugar v. Edmonson Oil Co., 457 U.S. 922, 936 (1982)), cert. denied, 145 S. Ct. 2846 (2025). Here, the FAC "contains no allegations that plausibly suggest defendant Phong cooperated in any way with a state actor much less engaged in a conspiracy with any state actor to violate plaintiff's constitutional rights." Tabi v. Safeway, Inc., No. cv 11-9038 DMG JC, 2012 WL 6761723, at *7 (C.D. Cal. Oct. 4, 2012), report and recommendation adopted, No. cv 11-9038 DMG JC, 2012 WL 6761570 (C.D. Cal. Dec. 28, 2012) (finding that grocery store employee was not a state actor under the conspiracy and joint action test). Furthermore, "[a] private party supplying information or seeking police assistance "does not become a state actor ... unless the police officers were improperly influenced or controlled by the private party." Stewart v. Victoria's Secret Stores, LLC, 851 F. Supp. 2d 442, 446 (E.D.N.Y. 2012) (citations omitted). Plaintiff does not allege that the police responding to defendant Phong's robbery report was improperly influenced or controlled by defendant Phong or his employer, Welco Supermarket. Therefore, plaintiff has not shown that defendant Phong acted under color of law pursuant to the joint action test.

Under the governmental compulsion/coercion test, a court asks whether the coercive influence or "significant encouragement" of the state effectively converts a private action into a governmental action. Kirtley, 326 F.3d at 1094. Here, the FAC does not plausibly allege that

4

defendant Phong's private conduct was effectively converted into government action due to governmental compulsion/coercion.  Therefore, plaintiff has not shown that defendant Phong acted under color of law pursuant to governmental compulsion/coercion test.

Finally, under the nexus test, a court asks, "whether there is a sufficiently close nexus between the State and the challenged action of the private entity so the action of the latter may be fairly traced as that of the state itself." Gorenc v. Salt River Project Agricultural Improvement and Power District, 869 F.2d 503, 506 (9th Cir. 1989) (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974)), cert. denied, 493 U.S. 899 (1989).  Likewise, the FAC does not plausibly allege that there was a nexus between defendant Phong and any governmental entity.  Therefore, plaintiff has not shown that defendant Phong acted under color of law pursuant to the nexus test.

A plaintiff's bare allegation that a defendant acted under color of the law, without more, is insufficient to allege a cognizable Section 1983 claim against a private defendant.  Degrassi v. City of Glendora, 207 F.3d 636, 647 (9th Cir. 2000).  Here, the FAC does not even allege that defendant Phong acted under color of the law at all.  Where a bare allegation, without more, is insufficient, a failure to make any allegations at all is by that very fact also insufficient.  Additionally, without a cognizable federal claim, a federal court cannot assert supplemental jurisdiction over state claims.  Therefore, the undersigned cannot screen plaintiff's remaining state claims by themselves, without a federal claim to anchor it.

**II. No Leave to Amend**

Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc).  However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend.  Cato v. United States, 70 F.3d 1103, 1105-06 (9th Cir. 1995).

The undersigned finds that, as set forth above, the complaint fails to state a claim upon which relief may be granted.  Plaintiff has already been given an opportunity to amend the complaint and advised what kind of information he needed to provide.  ECF No. 12.  Given the

additional facts provided by plaintiff, it does not appear that further amendment would result in a cognizable claim against defendant Phong under § 1983.  As a result, leave to amend would be futile and the complaint should be dismissed without leave to amend.  Plaintiff may seek to bring his state law claims in state court.

### III.     Plain Language Summary of this Order for a Pro Se Litigant

It is being recommended that your complaint be dismissed without leave to amend because you have not alleged facts sufficient to show that defendant Phong is a state actor or was acting under color of state law.  You are not being given another chance to file an amended complaint because it does not appear you could allege facts that defendant, a grocery store employee, was a state actor even if given another chance.

### CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that the complaint be dismissed without leave to amend for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judges Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 10, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE